NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0511
     Facsimile: (213) 894-3713
     E-mail:   vanessa.baehr-jones@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH OF 11804 ATKINSON AVENUE HAWTHORNE, CALIFORNIA 90250 | No. 17-MJ-01328-DUTY <br><br> GOVERNMENT'S *EX PARTE* APPLICATION FOR SECOND EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF VANESSA BAEHR-JONES |
|---|---|

The United States of America, by and through its counsel of record, Assistant United States Attorney Vanessa Baehr-Jones, hereby applies for an order extending by 120 days the time within which the government may retain and search digital devices seized pursuant to a federal search warrant.

//

//

//

//

1  This application is based on the attached declaration of
2 Assistant United States Attorney Vanessa Baehr-Jones and the files
3 and records of this case, including the underlying search warrant and
4 affidavit in support thereof.

5 Dated: January 23, 2018        Respectfully submitted,

6                                NICOLA T. HANNA
                                 United States Attorney
7
                                 LAWRENCE S. MIDDLETON
8                                Assistant United States Attorney
                                 Chief, Criminal Division
9

10                                   /s/ *Vanessa Baehr-Jones*
                                 VANESSA BAEHR-JONES
11                               Assistant United States Attorney

12                               Attorneys for Applicant
                                 UNITED STATES OF AMERICA

**DECLARATION OF VANESSA BAEHR-JONES**

I, Vanessa Baehr-Jones, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, digital devices seized pursuant to a federal search warrant as described below.

3. While investigating an online forum for trading child pornography, HSI Los Angeles identified a member of the forum who was actively producing and posting child pornography as Arlan Wesley Harrell ("HARELL"). On or about May 27, 2017, Homeland Security Investigations ("HSI") obtained a federal search warrant issued by the Honorable Jacqueline Chooljian, United States Magistrate Judge, authorizing the search of HARRELL's residence, 11804 Atkinson Avenue, Hawthorne, California 90250 (the "SUBJECT PREMISES"). The warrant, which is incorporated by reference, authorized the seizure of digital devices from the SUBJECT PREMISES for a period of 120 days to allow the government to search such devices for evidence of violations of 18 U.S.C. §§ 2252A(a)(5)(B) (possession of child pornography), 18 U.S.C. §§ 2252(a)(2) (distribution and receipt of child pornography), and 18 U.S.C. §§ 2251 (production of child pornography).

4. Based on information provided to me by agents assigned to this matter, I understand that, on or about May 28, 2017, federal agents executed the warrant at the SUBJECT PREMISES and seized the

following digital devices (collectively, the "SEIZED DIGITAL DEVICES")[1]:

    a.    One Lenovo Laptop, S/N CB22082121;
    b.    One iPhone, IMEI 356960064711729;
    c.    One Xbox, S/N 028427534048;
    d.    One PNY, 128GB Thumb Drive;
    e.    One PNY, 64GB Thumb Drive;
    f.    One Kingston 32GB Thumb Drive;
    g.    One Sandisk 256GB Thumb Drive;
    h.    One PNY 64GB Thumb Drive;
    i.    One Samsung Tablet, S/N RF2DAIECGDX;
    j.    One HP Laptop, S/N CND3230YSB;
    k.    One Western Digital External Hard Drive, S/N WX51A655PJST;
    l.    One Seagate Internal Hard Drive 120GB;
    m.    One Hitachi 20GB Hard Drive, S/N X1CRVTLM;
    n.    One Toshiba External Hard Drive, S/N 55S8TONGT188;
    o.    One Sony 4GB Thumb Drive;
    p.    One Cruzer 32GB Thumb Drive;
    q.    One Data Traveler 8GB Thumb Drive;
    r.    One PNY 16GB Thumb Drive;
    s.    One Black Thumb Drive;
    t.    One Lexar 8GB Thumb Drive;
    u.    One Cruzer 8GB Thumb Drive;
    v.    One Gateway Laptop Computer, S/N  2009DJ0874321

---

[1] Agents also seized five digital devices, including several digital cameras, on which computer forensic analysts found no stored digital data.  Since there is no digital evidence to search on these devices, they are not included in any of the extension requests.

1     w. One SanDisk 16GB Thumb Drive

2     x. Transcend 1GB micro SD card

3     y. One white Thumb Drive

4     z. One New York Thumb Drive

5     aa. One Sony Thumb Drive

6   5. On or about September 25, 2017, an extension was granted by the Honorable Fredrick F. Mumm, United States Magistrate Judge, authorizing the government to search a subset of the SEIZED DIGITAL DEVICES, namely, items a-u above (collectively, the "EXTENSION DIGITAL DEVICES"), for an additional 120 days. The current deadline by which the government must complete its review of the EXTENSION DIGITAL DEVICES is on or about January 23, 2018.

13   6. I have been in communications with HSI Special Agent ("SA") Diane Asato, who is the case agent on this investigation. For the following reasons provided by SA Asato, the government is requesting an additional 120 days for the government to complete its review of all of the SEIZED DIGITAL DEVICES:

18     a. On or about June 10, 2017, during the review of some of the SEIZED DIGITAL DEVICES, agents identified two additional producers of child pornography who were also active on the same online forum and resided in San Jose and Fresno, California.

22     b. On or about June 13, 2017, simultaneous search and arrest warrants were executed at the residences of Moises MARTINEZ ("MARTINEZ") in San Jose, California and John Richard BRINSON Jr. ("BRINSON") in Fresno, California. As a result, numerous digital devices were seized from the San Jose and Fresno residences and the review of those digital devices is ongoing.

c.     On or about July 28, 2017, HARRELL, BRINSON, MARTINEZ, and Keith LAWNICZAK (collectively, the "defendants") were indicted on the following charges 18 U.S.C. § 2252A(g) (Engaging in a Child Exploitation Enterprise); 18 U.S.C. §§ 2251 (a),(e) (Production of Child Pornography); 18 U.S.C. § 2251A(b) (Obtaining Custody of a Minor For Purposes of Engaging in Sexually Explicit Conduct); 18 U.S.C. §§ 1591 (a), (b) (1) (Sex Trafficking of a Child); and 18 U.S.C. § 1519 (Destruction of Records in a Federal Investigation).

d.     Agents have reviewed "items a-j, and o-aa" of the SEIZED DIGITAL DEVICES and determined that "items a, d-h, j, and o-u" contained contraband related the exploitation of minors.  To date, approximately 800,000 files have been reviewed by agents, the majority of which appears to have been produced images and videos involving the exploitation of minors ranging in age from one to five years old.

e.     Due to the complexity of the computer forensics, the large amount of data, the encryption that agents encountered on devices seized in San Jose and Fresno, and the fact that this case involves a multi-defendant conspiracy, in approximately November 2017, HSI requested assistance from the Department of Justice ("DOJ"), Child Exploitation and Obscenity Section ("CEOS"), High Technology Investigative Unit ("HTIU") with the analysis and forensic examination of the SEIZED DIGITAL DEVICES and the digital devices seized in San Jose and Fresno, California.

f.     On or about October 26, 2017, HSI SA Oladele Salaam, the computer forensic analyst ("CFA") assigned to this case in Los Angeles, began creating duplicate copies of the mirror images of the

4

digital evidence to send to HTIU.[2] On or about November 6, 2017, SA Asato mailed copies of this evidence, which included all of the SEIZED DIGITAL DEVICES (except for item i), to HTIU. On November 8, 2017, HTIU received the digital evidence and began to use computer forensic tools to process and review it. On or about January 18, 2018, SA Asato discovered that all of the SEIZED DIGITAL DEVICES, not just the EXTENSION DIGITAL DEVICES, had been sent to HTIU and were being analyzed and processed. At that time, all forensic review of the SEIZED DIGITAL DEVICES was halted so that the government could obtain an extension request for all of the items, not just the EXTENSION DIGITAL DEVICES.

        g. An extension is requested for HTIU to conduct a thorough forensic analysis of all of the SEIZED DIGITAL DEVICES to attempt to identify additional victims and information leading to the other potential producers. Due to the complex investigation involving multiple defendants and the necessity to conduct a thorough search of their digital devices, additional time is required in order to complete the search and identify other potential producers. As part of HTIU's forensic analysis, all image copies of seized digital media are run through the forensic tools for processing in order to look at the digital evidence seized from a subject's residence as a whole. For a thorough forensic analysis, it is important to look at the totality of the seized electronic evidence, even if initial searches did not reveal the presence of contraband. Digital devices without apparent contraband may still contain evidence of a crime,

---

[2] "Mirror image copies" means an exact replica of the stored digital data on a digital device. Computer forensic analysts create mirror image copies of digital devices in order to review digital evidence without altering the original digital evidence in any way.

5

including but not limited to user attribution, forensic artifacts, and derivative evidence associated with other devices.  For example, one digital item may contain records and information about who used, controlled, or owned another item seized from that residence at the time another device was being used as an instrumentality of a crime.  Digital devices may contain records and information about who used, controlled, or owned particular accounts, such as email addresses or usernames for various applications that were used as an instrumentality of a crime.  Records and information about a subject's account could include other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the types of service utilized, IP addresses associated with the account, alternative e-mail addresses or account usernames, methods of connecting to the internet, and log files.  Digital devices could also contain evidence of communications by or to the subject of the investigation, and evidence to establish the location of the subjects at the time a crime was committed.  Accordingly, this extension request seeks authorization for the government to continue to search all the SEIZED DIGITAL DEVICES not just the EXTENSION DIGITAL DEVICES.

**CHALLENGES ENCOUNTERED DURING THE FORENSIC EXAMINATION:**

   f. Based on SA Asato's conversation with other agents and the HTIU forensic analysts assigned, she learned the following:

    i. Due to the complexity of the investigation involving an online forum, encryption on the defendants' computers, and the voluminous amounts of produced images and videos of children being sexually abused, a significant amount of time is required in order to review and analyze the data.  The victim identification

6

portion is very time consuming.  HTIU and the case agents are attempting to establish a timeline in order to corroborate the dates, times, and location of the produced images/videos with the occurrences of the abuse and when the HARRELL, BRINSON, and MARTINEZ posted them to the online forum.  To date, HSI Los Angeles agents have identified approximately 20 minor victims of HARRELL, BRINSON, MARTINEZ, and LAWNICZAK.

　　　　　ii. HARRELL, BRINSON, and MARTINEZ used several sophisticated encryption and non-standard communication methods to hide their data and communications.  According to the forensic analysts, it is complicated to extract the encrypted material.  HTIU and agents require additional time in order to research and determine alternate methods to attempt to decrypt and extract the data and communications that are currently unreadable.

　　　　　iii. Furthermore, agents have learned that HARRELL, BRINSON, and MARTINEZ were not only producers and distributers of child pornography in an online forum, but were also communicating and conspiring with one another in order to further their criminal activities.  Additional time is requested for agents to thoroughly analyze various communication methods that were used by the three defendants to not only abuse aminor children in their control but also to conspire to abuse the minor children together.

　　　g.　Additionally, CFA Salaam informed SA Asato that a new battery was needed for the Samsung Tablet ("item i").  Subsequently, SA Asato obtained funding and purchased a battery for "item i" in an effort to power and access the device.  The attempt to power on the device was unsuccessful and therefore the device was shipped to HSI's Cyber Crimes Center ("C3") for further analysis.  On or about

7

November 29, 2017, C3 successfully accessed and extracted data from "item i" and provided a copy of the data to CFA Salaam. An extension will therefore allow the government to review the extracted data for evidence of child exploitation material that was recovered from C3.

h. Based on SA Asato's conversations with CFA Salaam, she learned that his attempt to access "items k-n" of SEIZED DIGITAL DEVICES were unsuccessful due to the digital devices encryption. An extension will therefore allow the government to research and determine other methods to successfully extract and view the data contained within "items k-n"

i. Agents have exercised due diligence and have invested a significant amount of time in reviewing the SEIZED DIGITAL DEVICES and have identified multiple victims and producers as a result. The SEIZED DIGITAL DEVICES contain approximately one terabyte of data. Based on SA Asato's training and experience, she knows that one gigabyte could hold the contents of about ten yards of books on a shelf. One hundred gigabytes could hold an entire library floor of academic journals. One terabyte is 1,000 gigabytes. Furthermore, HTIU has been working diligently and have a dedicated team in an effort to further analyze evidence seized from defendants to identify additional producers and victims and to corroborate evidence among all the defendants. Forensic agents have recently been successful in decrypting several of MARTINEZ's digital devices which HTIU and agents are currently reviewing and analyzing the data against the SEIZED DIGITAL DEVICES. However, due to the challenges described above and in order for the government to continue their search of the SEIZED DIGITAL DEVICES, the government seeks an additional 120 days

in order to attempt to access and consequently review the SEIZED DIGITAL DEVICES.

j.  The forensic review of digital devices is time-consuming.  Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer.  Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition, and is not affected by the review process.  The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion.  This process takes substantial time.  CFA Salaam, SA Asato, and members of HTIU have committed time to reviewing, categorizing, and extracting individual files needed for further analysis as ordered by the original search warrant.

7.  This is the second request for an extension.  The current deadline by which the government must have completed its review of the EXTENSION DIGITAL DEVICES is on or about January 23, 2018.  Due to the reasons stated above, the government requests an additional 120-day extension of the original warrant to include all the SEIZED DIGITAL DEVICES.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 23, 2018.

/s/ *Vanessa Baehr-Jones*
VANESSA BAEHR-JONES