NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0649
     Facsimile: (213) 894-3713
     E-mail:    devon.myers@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH OF 11804 ATKINSON AVENUE HAWTHORNE, CALIFORNIA 90250 | No. 17-MJ-01328-DUTY<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR THIRD EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF DEVON MYERS |
|---|---|

The United States of America, by and through its counsel of record, Assistant United States Attorney Devon Myers, hereby applies for an order extending by 120 days the time within which the government may retain and search digital devices seized pursuant to a federal search warrant.

//

//

//

//

This application is based on the attached declaration of Assistant United States Attorney Devon Myers and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: May 23, 2018            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Devon Ann Myers*
_____
DEVON MYERS
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF DEVON MYERS**

I, Devon Myers, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, digital devices seized pursuant to a federal search warrant as described below.

3. On or about May 27, 2017, Homeland Security Investigations ("HSI") obtained a federal search warrant issued by the Honorable Jacqueline Chooljian, United States Magistrate Judge, authorizing the search of 11804 Atkinson Avenue, Hawthorne, California 90250 (the "SUBJECT PREMISES"), the residence of Arlan Wesley HARRELL ("HARRELL"). The warrant, which is incorporated by reference, authorized the seizure of digital devices from the SUBJECT PREMISES for a period of 120 days to allow the government to search such devices for evidence of violations of 18 U.S.C. §§ 2252A(a)(5)(B) (possession of child pornography), 18 U.S.C. §§ 2252(a)(2) (distribution and receipt of child pornography), and 18 U.S.C. §§ 2251 (production of child pornography).

4. Based on information provided to me by agents assigned to this matter, I understand that, on or about May 28, 2017, federal agents executed the warrant at the SUBJECT PREMISES and seized the following digital devices (collectively, the "SEIZED DIGITAL DEVICES"):

    a. One Lenovo Laptop, S/N CB22082121;

      b.    One iPhone, IMEI 356960064711729;

      c.    One Xbox, S/N 028427534048;

      d.    One PNY, 128GB Thumb Drive;

      e.    One PNY, 64GB Thumb Drive;

      f.    One Kingston 32GB Thumb Drive;

      g.    One Sandisk 256GB Thumb Drive;

      h.    One PNY 64GB Thumb Drive;

      i.    One Samsung Tablet, S/N RF2DAIECGDX;

      j.    One HP Laptop, S/N CND3230YSB;

      k.    One Western Digital External Hard Drive, S/N WX51A655PJST;

      l.    One Seagate Internal Hard Drive 120GB;

      m.    One Hitachi 20GB Hard Drive, S/N X1CRVTLM;

      n.    One Toshiba External Hard Drive, S/N 55S8TONGT188;

      o.    One Sony 4GB Thumb Drive;

      p.    One Cruzer 32GB Thumb Drive;

      q.    One Data Traveler 8GB Thumb Drive;

      r.    One PNY 16GB Thumb Drive;

      s.    One Black Thumb Drive;

      t.    One Lexar 8GB Thumb Drive;

      u.    One Cruzer 8GB Thumb Drive;

      v.    One Gateway Laptop Computer, S/N  2009DJ0874321

      w.    One SanDisk 16GB Thumb Drive

      x.    Transcend 1GB micro SD card

      y.    One white Thumb Drive

      z.    One New York Thumb Drive

      aa.    One Sony Thumb Drive

5. On or about September 25, 2017, an extension was granted by the Honorable Fredrick F. Mumm, United States Magistrate Judge, authorizing the government to search a subset of the SEIZED DIGITAL DEVICES, namely, items a-u above (collectively, the "EXTENSION DIGITAL DEVICES"), for an additional 120 days.

6. On or about January 23, 2018, the Honorable Steve Kim, United States Magistrate Judge granted a second extension authorizing the government to search the SEIZED DIGITAL DEVICES for an additional 120 days.[1] The current deadline by which the government must complete its review of the SEIZED DIGITAL DEVICES is on or about May 23, 2018.

7. I have been in communications with HSI Special Agents ("SA") Diane Asato, who is the case agent on this investigation, and Elaine Kwong, who is also a case agent for this investigation. For the following reasons provided by SAs Asato and Kwong, the government is requesting an additional 120 days for the government to complete its review of the SEIZED DIGITAL DEVICES:

    a. On or about June 10, 2017, during the review of some of the SEIZED DIGITAL DEVICES, agents identified two additional producers of child pornography who were also active on the same forum and resided in San Jose and Fresno, California.

    b. On or about June 13, 2017, law enforcement officers executed simultaneous search and arrest warrants at the residences of

---

[1] As explained in the application for the second extension, the first extension was only for the EXTENSION DIGITAL DEVICES. We realized, however, that for a thorough forensic analysis to be completed, we need to analyze all of the SEIZED DIGITAL DEVICES. As such, the Court granted the second extension for the SEIZED DIGITAL DEVICES and this extension is also for all of the SEIZED DIGITAL DEVICES.

1  Moises MARTINEZ in San Jose, California and John Richard BRINSON Jr.
2  in Fresno, California.  Law enforcement seized numerous digital
3  devices from the San Jose and Fresno residences and the review of
4  those digital devices is ongoing.
5         c.   On or about July 28, 2017, HARRELL, BRINSON, MARTINEZ,
6  and Keith LAWNICZAK were indicted on charges of 18 U.S.C. § 2252A(g)
7  (Engaging in a Child Exploitation Enterprise); 18 U.S.C. §§ 2251
8  (a),(e) (Production of Child Pornography); 18 U.S.C. § 2251A(b)
9  (Obtaining Custody of a Minor For Purposes of Engaging in Sexually
10 Explicit Conduct); 18 U.S.C. §§ 1591 (a), (b) (1) (Sex Trafficking of
11 a Child); and 18 U.S.C. § 1519 (Destruction of Records in a Federal
12 Investigation).
13        d.   To date, agents have reviewed approximately 800,000
14 files, the majority of which appears to have been produced images and
15 videos involving the exploitation of minors ranging in age from one
16 to five years old.
17        e.   Due to the complexity of the computer forensics, the
18 large amount of data, the encryption encountered on devices seized in
19 San Jose and Fresno, and that this case involves a multi-defendant
20 conspiracy, in approximately November 2017, HSI requested assistance
21 from the Department of Justice ("DOJ"), Child Exploitation and
22 Obscenity Section ("CEOS"), High Technology Investigative Unit
23 ("HTIU") with the analysis and forensic examination of the SEIZED
24 DIGITAL DEVICES and the digital devices seized in San Jose and
25 Fresno, California.

**LAW ENFORCEMENT OFFICERS HAVE IDENTIFIED THREE ADDITIONAL PRODUCERS OF CHILD PORNOGRAPHY SINCE THE COURT GRANTED THE LAST EXTENSION**

  f. In March 2018, HSI agents identified a producer of child pornography in another state ("P1") who had communicated with BRINSON and MARTINEZ on several chatting applications about the sexual abuse of minors. Furthermore, the chats revealed that P1 had traded images and videos with other producers to include BRINSON and MARTINEZ.

  g. On or about March 13, 2018, HSI agents obtained a federal search warrant for P1's residences and seized his digital devices. During a forensic preview of P1's digital devices agents discovered hundreds of sexually explicit videos and images of a P1's minor victim. Agents also discovered images and videos of MARTINEZ's minor victims. During an interview with P1, P1 admitted to producing, receiving, and distributing child pornography images and videos with other producers to include MARTINEZ and BRINSON. Simultaneously, P1's minor victim was forensically interviewed and admitted that P1 has been sexually abusing him for approximately eight to nine years. P1 has been indicted in an out-of-state district for Production of Child Pornography.

  h. In March 2018, HSI and foreign law enforcement identified a producer of child pornography in a foreign country ("P2"). Foreign law enforcement officers have arrested P2 and have identified multiple minor victims of P2. P2 was active on Website A, which was the same forum on which HARRELL, BRINSON, and MARTINEZ were active.

   i. On or about May 18, 2018, HSI agents executed a search and arrest warrant for a producer in another state ("P3"). P3 admitted to producing child pornography with a toddler-aged victim.

   j. Agents and HTIU have been continuously reviewing the digital devices of HARRELL, MARTINEZ, and BRINSON for images, videos, and chats in an attempt to identify other producers and minor victims. During the ongoing review of HARRELL's digital devices, agents observed sexually explicit images produced by P2 and P3. Based on the review of the chat messages and digital devices seized from the various investigations, several combinations of HARRELL, BRINSON, MARTINEZ, P1, P2, and P3, were in communication with one another regarding the sexual abuse of minors and also traded images and videos of their victims.

**ADDITIONAL UNIDENTIFIED VICTIMS DISCOVERED ON THE SEIZED DIGITAL DEVICES SINCE THE COURT GRANTED THE LAST EXTENSION**

   k. On or about April 27, 2018, agents received information about a victim of HARRELL's that law enforcement officers had previously been able to identify. Agents reviewed the SEIZED DIGITAL DEVICES and found what they believe to the child pornography images and videos of HARRELL's unidentified victim. A further review of the SEIZED DIGITAL DEVICES by agents revealed approximately three additional unidentified victims of HARRELL's who agents may now be able to identify through the newly received information.

   l. Agents and HTIU are continuously sharing information gathered from the digital devices of HARRELL, MARTINEZ, BRINSON, P1 and P3 with other law enforcement officers in an attempt to identify other producers and victims throughout the world. The information gathered by continuously reviewing the images, videos, and chats have

proven to be a crucial resource in the positive identification of the producers and victims.

   m. An extension is requested for the agents and HTIU to conduct a thorough forensic analysis and to continue to identify additional victims and other producers. Due to the complex investigation involving multiple defendants and the necessity to conduct a thorough search of their digital devices, additional time is required to continue and complete this work.

**CHALLENGES ENCOUNTERED DURING THE FORENSIC EXAMINATION:**

   f. Based on SA Asato's conversation with the forensic analysts assigned, she learned the following:

    i. Due to the complexity of the investigation involving the dark web, encryption on the defendants' computers, and the voluminous amounts of produced images and videos of children being sexually abused, a significant amount of time is required in order to review and analyze the data. The victim identification portion is very time consuming. HTIU and agents are attempting to establish a timeline in order to corroborate the dates, times, and location of the produced images/videos with the occurrences of the abuse and when the defendants posted them on the dark web. To date, HSI Los Angeles agents have identified approximately 25 minor victims of the defendants plus those of the newly identified producers.

    ii. The defendants and other producers used several sophisticated encryption and non-standard communication methods to hide their data and communications. According to the forensic analysts, it is complicated to extract the encrypted material. HTIU and agents continue to research and determine alternate methods to

7

attempt to decrypt and extract the data and communications that are currently unreadable.

          iii. Furthermore, agents have learned that HARRELL, BRINSON, MARTINEZ, P1, P2, and P3 were not only producers and distributers of child pornography on the dark web, but were also communicating and conspiring with one another to further their criminal activities.  Additional time is requested for agents to thoroughly analyze various communication methods that were used by the defendants to not only abuse minor children in their control but also to conspire to abuse the minor children together.

     h.   Agents have done their due diligence and have invested a significant amount of time in reviewing the SEIZED DIGITAL DEVICES and have identified multiple victims and producers as a result.  The SEIZED DIGITAL DEVICES contain approximately one terabyte of data.  Based on SA Asato's training and experience, she knows that one gigabyte could hold the contents of about ten yards of books on a shelf.  One hundred gigabytes could hold an entire library floor of academic journals.  One terabyte is 1,000 gigabytes.  Furthermore, HTIU has been working diligently and have a dedicated team in an effort to further analyze evidence seized from HARRELL, BRINSON, MARTINEZ, and LAWNICZAK in an attempt to identify additional producers and victims and corroborate evidence among all the defendants.  Forensic agents have recently been successful in decrypting several of MARTINEZ's digital devices which HTIU and agents are currently reviewing and analyzing the data against the SEIZED DIGITAL DEVICES.  However, due to the challenges described above and in order for the government to continue their search of the SEIZED DIGITAL DEVICES, the government seeks an additional 120 days

8

1 in order to attempt to access and consequently review the SEIZED
2 DIGITAL DEVICES.

3    j. The forensic review of digital devices is time-
4 consuming.  Agents cannot simply turn on computers and review their
5 contents because merely turning on a computer and reviewing its
6 contents changes the data on the computer.  Specialized computer
7 software is therefore needed to ensure that evidence remains in a
8 pristine and usable condition, and is not affected by the review
9 process.  The review also must be conducted by agents who have
10 received specialized training to ensure that the review is done
11 thoroughly and in a forensically sound fashion.  This process takes
12 substantial time.  SA Asato, Computer Forensics Analyst Oladele
13 Salaam, and members of HTIU have committed time to reviewing,
14 categorizing, and extracting individual files needed for further
15 analysis as ordered by the original search warrant.

16  8. This is the third request for an extension.  The current
17 deadline by which the government must have completed its review of
18 the SEIZED DIGITAL DEVICES is on or about May 23, 2018.  Due to the
19 reasons stated above, the government is requesting an additional 120-
20 day extension of the original warrant to include all the SEIZED
21 DIGITAL DEVICES.

22  I declare under penalty of perjury under the laws of the United
23 States of America that the foregoing is true and correct and that
24 this declaration is executed at Los Angeles, California, on May 23,
25 2018.

*[signature: Devon Ann Myers]*
DEVON MYERS

9